IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERTSON-CECO CORP.,

          Plaintiff,

v.                                                CIVIL ACTION NO. 5:07-cv-00204

DIVERSIFIED ENTERPRISE, INC.,
and ANDREW J. WHITTAKER,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Set Aside Judgment [Docket 59]. In that filing, Defendants ask the Court to vacate its Judgment Order [Docket 48] entered on November 7, 2008, in which the Court entered judgment in favor of Plaintiff in the amount of $157,613.96, together with interest at the applicable statutory rate, as payment for a fabricated building and storage costs incurred as a result of Defendants' rejection of delivery of that building. Defendants ask the Court to reconsider the Judgment Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure on the grounds that: 1) the parties had previously agreed in principle to settle their claims for $65,000; 2) Defendant Whittaker had been ill and accordingly unable to participate in meaningful settlement negotiations; 3) counsel for Defendants was new to the case and unable to adequately review the file prior to the grant of summary judgment; 4) Plaintiff failed to mitigate its damages by selling the building to a different buyer; and 5) the interest rate provided for in the

affidavit setting forth the amount of judgment is excessively high. Should the Court grant their motion, Defendants seek a ninety-day period to negotiate a settlement of the parties' claims.

Rule 60(b)(6) provides that a court may "relieve a party or a party's legal representative from a final judgment [or] order . . . for . . . any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b) does not, however, "authorize a motion merely for reconsideration of a legal issue," *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982), or permit a party to move a district court to change its mind. *See id.* at 313. To prevail on a motion for reconsideration, a party "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (footnote omitted). After making that showing, the party must still "proceed to satisfy one or more of the rule's six grounds for relief from judgment." *Id.*

First, the Court notes that Defendants' motion is untimely. The Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). The Court entered its Memorandum Opinion and Order [Docket 46] on September 25, 2008, granting Plaintiff's summary judgment motion. Plaintiff then filed an Affidavit [Docket 47] quantifying its damages on October 17, 2008, and the Court entered a Judgment Order [Docket 48] on November 7, 2008. Defendants filed their Motion to Set Aside Judgment [Docket 59] on January 15, 2009, more than two months after the entry of the Judgment Order and nearly four months after the Court granted summary judgment in favor of Plaintiff. Moreover, Defendants provide no justification for this delay. Accordingly, Defendants have not met their burden on this element.

Even if Defendants' motion had been timely, they have not shown the existence of a meritorious defense. To the extent that Defendants argue that Plaintiff should have mitigated its damages by selling the building to another buyer, Defendants have presented no evidence to show that such mitigation was even possible. Rather, Plaintiff posits that the building was custom-built for Defendants and would accordingly have been difficult, if not impossible, to re-sell. *See* W. Va. Code § 46-2-709(1)(b) ("When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price . . . of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.") Such resale may be easy in the case of a television or perhaps even a car, however, the same cannot be said of a $90,000 custom-made building. Thus, Defendants fail on this element as well.

Further, Defendants argue that the interest rate on the defaulted payment is unlawful under the West Virginia Code. However, Defendants misapprehend this portion of the statute. As Plaintiff correctly points out, the interest charged in this case began accruing after payment became due. Thus, the interest is a "penalt[y] for nonpayment rather than [a] charge[] for the use of money and, therefore, . . . not affected by usury laws." *Smith Mach. Co. v. Jenkins*, 654 F.2d 693, 696 (10th Cir. 1981). Accordingly, Defendants' argument fails on this issue as well as they are not able to show the existence of a meritorious defense.[*]

Finally, Defendants have failed to show the lack of prejudice toward Plaintiff or any type of exceptional circumstances to warrant the reopening of the case. Boiled down to its essence,

---

[*] Curiously, Defendants raise these "defenses" for the first time in their motion for reconsideration. Despite the substitution of counsel, Defendants had ample opportunity to object to the itemization of damages in Plaintiff's affidavit, or in their summary judgment briefing.

Defendants' motion seeks to reopen the case because the judgment entered against them is for more than they had previously agreed in principle to settle the case for. Moreover, Defendant Whittaker's alleged illness and the substitution of counsel are hardly the type of "exceptional circumstances" contemplated by the rule. *See, e.g.*, *Long v. Carberry*, 151 F.R.D. 240 (S.D.N.Y. 1993) (holding that illnesss of plaintiff and counsel's wife did not merit reconsideration under Rule 60 for excusable neglect or exceptional circumstances); *cf. United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (finding possible exceptional circumstances in "constructive disappearance" of attorney, but noting judicial system's interest in finality of judgments).

Here, the Court found, based on the merits of the case, that Plaintiff was entitled to a judgment in the amount of $157,613.96. Defendants' assertions of complications regarding Defendant Whittaker's illness and the substitution of counsel do not change those merits. Further, if Defendants were unable to adequately litigate their case based on these alleged complications, they could have sought a stay or an extension of time from the Court. Indeed, the case had been stayed until August 2, 2008, for the express purpose of facilitating settlement negotiations. When the stay expired with the summary judgment motion still pending, the parties proceeded without the protection of the stay at their own peril. Further, at this point, reopening the case for further negotiation would be futile, as Plaintiff has already been awarded the judgment it seeks and would have no incentive to settle the case for less. Moreover, Plaintiff would be prejudiced—or at the very least inconvenienced—by forfeiting its judgment merely to participate in further settlement talks that would likely prove to be unfruitful in light of the previously obtained judgment. Thus, Defendants fail to make their showing on these elements as well.

For the reasons stated above, Defendants have failed to make an adequate showing under *Werner* that they are entitled to relief under Rule 60. Thus, their Motion to Set Aside Judgment [Docket 59] is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:     May 6, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE