# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ROBERTSON-CECO CORP.,

        Plaintiff,

v.                                CIVIL ACTION NO. 5:07-cv-00204

DIVERSIFIED ENTERPRISE, INC.,
and ANDREW J. WHITTAKER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Robertson-Ceco Corp.'s Motion for Summary Judgment [Docket 131]. For the following reasons, the motion is **DENIED**.

### *I. BACKGROUND*

This case has a long and storied history before this Court. Plaintiff Robertson-Ceco Corp. ("Plaintiff" or "Ceco") filed the instant action on March 29, 2007, alleging one count of breach of contract against Defendant Diversified Enterprise, Inc. ("Diversified"), one count of promissory estoppel against Defendant Andrew "Jack" Whittaker ("Whittaker"), and one count requesting specific performance of its contract with Diversified. (Docket 1 at 4-5.) Plaintiff sought damages from Diversified for breach of contract, storage fees, interest, and other incidental and consequential damages and from Whittaker based on his alleged promises and representations.

By memorandum opinion and order entered September 25, 2008, the Court ruled that Plaintiff's Requests for Admissions Against Diversified, (Docket 13), were admitted by virtue of Diversified's dilatory conduct. (Docket 46.) The Court then entered summary judgment for Plaintiff

on both its breach of contract claim against Diversified and its promissory estoppel claim against Whittaker. (*Id*.)

After a series of procedural events, Whittaker filed a Motion for Relief from Judgment with the Court on February 25, 2010, wherein he argued that summary judgment was improperly granted against him because Plaintiff's requests for admissions and motion for summary judgment were directed only against Diversified. (Docket 107.) At that time, the case was pending on appeal. By memorandum opinion and order dated July 14, 2010, and amended July 16, 2010, the Court ruled that it would grant Whittaker's motion and vacate the portion of the Court's September 25, 2008, order granting summary judgment against Whittaker if the United States Court of Appeals for the Fourth Circuit would remand the case for that limited purpose. (Docket 114;116.) The case was remanded on August 10, 2010, (Docket 119), and reinstated on this Court's docket.

As the record now stands, it has been established that Diversified contracted with Ceco on or about July 17, 2006, for the purchase of a commercial steel building to be used for the Shepherd's Care Family Worship Center in Hinton, West Virginia. (Docket 46 at 9.) Diversified breached this contract when it failed to accept delivery of the building materials. (*Id*.) Diversified has been found liable for the contract price, storage costs, interest, attorney's fees, and costs. (*Id*.; Docket 48.) The only remaining issue lies in the second count of the complaint, which alleges a promissory estoppel claim based on allegations that Whittaker "made promises and representations to Ceco about Diversified's financial condition and Whittaker's personal involvement[1] in Diversified

---

[1] As noted in the September 25, 2008, memorandum opinion and order, this Court has previously taken judicial notice of the well-known fact that Whittaker won hundreds of millions in lottery proceeds some years ago. (Docket 46 at 10.)

and/or the Shepherd's Care Family Worship Center, all to induce Ceco to contract with Diversified." (Docket 1 at 2.)

On January 18, 2011, Plaintiff filed for summary judgment. (Docket 131.) Whittaker responded in opposition on January 31, 2011, (Docket 133), and Plaintiff replied on February 9, 2011. (Docket 135.) This motion is now ripe for review.

## II. APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.*

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

The sole count of the complaint directed against Defendant Whittaker asserts a claim for promissory estoppel. Plaintiff, however, asserts two separate theories for relief in its summary judgment motion. Plaintiff points the Court to a written personal guaranty executed by Defendant Whittaker ("Personal Guaranty") that "[g]uarant[ied] the payment on demand after maturity of all amounts due and payable from [Diversified] to CECO for such products and services, together with interest at the rate of one and one-half (1 1/2%) per month on the unpaid balance" in order to "induce[] . . . CECO to extend credit to [Diversified] on an open account basis for products and services sold and delivered by CECO from time to time to [Diversified]." (Docket 131-1.) In light of the Personal Guaranty, Plaintiff argues that it is entitled to recover against Whittaker for Diversified's July 17, 2006, breach of contract under either a promissory estoppel theory or, as "[t]he Personal Guaranty is valid and enforceable as between Ceco and Whittaker," on a contract theory. (Docket 132 at 4.) "Under either theory," Plaintiff argues, "Whittaker is liable to Ceco pursuant to his Personal Guaranty." (*Id.* at 5.)

### A. *Promissory Estoppel*

"In general[,] promissory estoppel is an equitable doctrine which, under certain circumstances, will nullify the defense of lack of consideration in a contract action." *Cochran v. Creek Coal Co.*, 206 S.E.2d 410, 414 (W. Va. 1974). The doctrine operates as follows:

> [1] A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and [2] which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if [3] injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.
>
> In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant: (a) the availability and adequacy of other remedies, particularly cancellation and restitution; (b) the definite and substantial character of the action or forbearance in relation to the remedy sought; (c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence; (d) the reasonableness of the action or forbearance; (e) the extent to which the action or forbearance was foreseeable by the promisor.

Syl. pt. 3, *Everett v. Brown*, 321 S.E.2d 685 (W. Va. 1984); *see also* Restatement (Second) of Contracts § 90 (1981).

The entirety of Plaintiff's argument for summary judgment on this claim consists of exactly three paragraphs, two of which are simply recitations of the relevant law. Plaintiff attached to its brief a single piece of evidence, the Personal Guaranty. While this guaranty indeed shows that a promise was made, Plaintiff has provided absolutely no factual evidence, not even a simple affidavit, that would demonstrate that this promise *actually induced* Ceco to enter into the July 17, 2006, contract with Diversified.[2] *See Celotex*, 477 U.S. at 331 (Brennan, J., dissenting) ("If the moving

---

[2] Although the Personal Guaranty contains language indicating that it was *intended* as "an inducement to CECO to extend credit to [Diversified] on an open account basis," (Docket 131-1), this bare language, standing alone, does not establish that the Personal Guaranty did, in fact, "induce
(continued...)

5

party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." (citing 10A Wright, Miller, & Kane § 2727)); *see also Miles v. Bollinger*, No. 92-6789, 1992 WL 347635, at *2 n.2 (4th Cir. Nov. 25, 1992) (noting that "[t]he majority and dissent in *Celotex* did not disagree on the manner in which the movant could meet the initial burden of production.")). Accordingly, as Plaintiff has failed to demonstrate the absence of a genuine issue of material fact that would entitle it to judgment as a matter of law, its motion for summary judgment on the promissory estoppel claim is **DENIED.**

### B. Breach of Contract

Plaintiff also alleges that "there can be no dispute" that Whittaker committed a breach of contract when he refused to honor his Personal Guaranty. (Docket 132 at 4.) However, as described above, the complaint does not state of cause of action against Whittaker for a breach of contract. The only count of the complaint directed against Whittaker makes a claim for promissory estoppel based upon his unspecified "promises and/or representations"; at no point does the complaint mention the existence of the Personal Guaranty or even state any facts that would support the barest inference of a contractual claim against Whittaker. (Docket 1 at 4.)

Importantly, "despite the liberal pleading rules outlined by the Supreme Court, plaintiffs may not raise new claims without amending their complaints after discovery has begun." *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008). Plaintiff has never sought to amend its complaint to include the contract claim against Whittaker pursuant to Fed. R.

---

[2](...continued)
[Ceco's] action" in contracting with Diversified on the occasion in question. Syl. pt. 3, *Everett*, 321 S.E.2d 685.

Civ. P. 15(a). Given this case's long history, a strong argument could have been made for the constructive amendment of the complaint pursuant to Fed. R. Civ. P. 15(b). *See Feldmen v. Pro Football, Inc.*, Nos. 09-1021, 09-1023, 2011 WL 1097549, at *7 (Mar. 25, 2011); *see also People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367-68 (4th Cir. 2001). However, despite the fact that Whittaker's response brief correctly pointed out the dearth of information in the complaint concerning the purported contractual relationship between these parties, Plaintiff has apparently decided to simply avoid addressing this issue altogether.

The Court is loathe to do the job of Plaintiff's counsel and comb the record of this case in order to manufacture a constructive amendment argument. Quite simply, Plaintiff is not entitled to summary judgment on a contract theory because Plaintiff's complaint does not assert a cause of action for breach of contract against Whittaker. As such, Plaintiff's motion for summary judgment for breach of contract is **DENIED**.

### *IV. CONCLUSION*

For the reasons noted above, the Plaintiff's Motion for Summary Judgment [Docket 131] is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 17, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE